**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY,<br>T-MOBILE USA, INC., and<br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS,<br><br>    Defendants. | Civil Action No. 5:19-cv-75<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR INTRA-DISTRICT TRANSFER TO THE MARSHALL DIVISION**

I.      **Introduction**

Defendants respectfully request that the Court transfer this case to the Marshall Division of the Eastern District of Texas under 28 U.S.C. § 1404(a).  In *Salazar v. HTC Corp.*, No. 2-16-cv-1096 (E.D. Tex.) ("*Salazar I*"), Plaintiff Joe Andrew Salazar ("Salazar") asserted his claim that three HTC smartphone models infringed U.S. Patent 5,802,467 (the "'467 Patent").  *Salazar I* was filed and tried to a jury in the Marshall Division of the Court, where Chief Judge Gilstrap entered final judgment on Salazar's infringement claim on May 18, 2019.  *Salazar I*, Dkt. 284.  During two years of litigation, Chief Judge Gilstrap and Magistrate Judge Payne presided over and resolved all pretrial matters, decided dispositive motions, and presided over a week-long jury trial that ended with the unanimous verdict that HTC Corp. did not infringe the asserted patent.

Unsatisfied with the judgment against him, Salazar now seeks to evade the jury's verdict by filing this case against AT&T Mobility LLC ("AT&T Mobility"), Sprint/United Management Company ("Sprint"), T-Mobile USA, Inc. ("T-Mobile"), and Cellco Partnership, Inc. d/b/a/ Verizon Wireless ("Verizon Wireless") (collectively, "Defendants") for infringement <u>of the same patent by the same three smartphones</u>.  Salazar does not allege any connection to the Texarkana Division.  Dkt. 3, ¶¶ 14-16.  Given that the Marshall Division decided *Salazar I*, which involved the same claim re-pleaded serially in this case, and the lack of any connection of this case to the Texarkana Division, Defendants respectfully submit that judicial economy, fairness, and the interests of justice will be served best by transferring this case to the Marshall Division.

II.     **Facts**

Since 2017, Salazar has been litigating the same issues presented in this case—whether HTC's One M7, One M8, and One M9 smartphones (collectively, the "HTC Smartphones")

infringe the '467 Patent. *Salazar I*, Dkt. 44, at ¶ 21.[1] Salazar's first case was filed in the Marshall Division. *Id. Salazar I*, however, had no geographic connection to the Eastern District of Texas: the plaintiff is a California resident, and the defendant in *Salazar I* is a foreign company incorporated in Taiwan. *Id.* at ¶ 2-3. No evidence in the case was collected from within the bounds of the Eastern District, and no witnesses at the trial in *Salazar I* resided in the Eastern District. Indeed <u>no discovery activities at all</u> occurred within the District.

*Salazar I* proceeded to trial, ending with a jury verdict that HTC Corp. did not infringe the '467 Patent. During the case, Chief Judge Gilstrap and Magistrate Judge Payne reviewed and resolved numerous issues that will also be contested in this case. For example, Judge Payne issued 11 memorandum opinions, including orders on claim construction (Dkt. 108) of the same patent asserted here,[2] the motion to dismiss (Dkt. 156), four *Daubert* motions (Dkts. 213, 226, 247, 253), and two motions for summary judgment (Dkts. 249, 250). Judge Payne also conducted the *Markman* hearing (Dkt. 103), a motions hearing (Dkt. 148), and two pretrial conferences (Dkt. 240, 256). Chief Judge Gilstrap presided over the week-long trial, during which the Court heard all the evidence and resolved the full panoply of arguments from both parties. *See* Dkt. 299, at 5 (". . . this Court, having heard all the evidence during trial, will proceed to make both findings of fact and rulings of law . . ."). *Salazar I* remains pending on one issue; the Court has under consideration the parties' proposed findings of fact and conclusions of law regarding HTC Corp's invalidity counterclaim. *Id*.

---

[1] Defendants respectfully request that the Court take judicial notice of its own file in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) ("*Salazar I*"). *See Meyers v. Textron*, 540 F. App'x 408, 409-10 (5th Cir. 2013) (permitting a district court to take judicial notice of court records to decide a Fed. R. Civ. P. 12(b)(6) motion), Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned).

[2] All citations to the docket in this paragraph refer to *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) ("*Salazar I*")

Salazar has nonetheless filed this serial lawsuit in the Texarkana Division ("*Salazar II*"), which similarly has no geographical or experiential connection to Salazar's claim. All of the Defendants are incorporated or otherwise organized under the laws of other states, and they each have principal places of business outside this District. Dkt. 3, at ¶¶ 4-10. Salazar has not alleged that any relevant evidence or witnesses reside in the Texarkana Division.[3]

### III. Argument and Authorities

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . ." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to prevent the waste of time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The party seeking a transfer of venue must show good cause for the transfer, and that the transfer is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen I*"). The same analysis for transfers between districts applies equally to transfers between divisions of the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

The proposed transferee venue must be one where the case "might have been brought." *Volkswagen I*, 545 F.3d at 312. Once the movant has established that the transferee venue is proper, the motion should be granted if the movant demonstrates that the transferee venue is clearly more convenient in view of several enumerated private and public factors. *Id.* at 315-16. The private factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and

---

[3] Salazar has alleged that Verizon Wireless has an office at 700 Hidden Ridge, Irving, TX 75038. Dkt 3, at ¶ 10. That address is in Dallas County, within the Northern District of Texas.

inexpensive.  *Id.*.  The public factors include (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*.

The plaintiff's selected venue is not to be considered as part of the analysis of the factors, and instead is represented in the requirement that the transferee venue be "clearly a more convenient venue."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (*citing Volkswagen I*, 545 F.3d at 315 n.10).  Further, as this Court has held, when cases involve similar (if not identical) issues, "basic logic and common sense compels a recognition that ***it simply does not make sense for two courts to plow the same ground***."  *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-400, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.) (internal quotes omitted) (emphasis added) (quoting *Norman IP Holdings v. Lexmark Int'l, Inc.*, 6:11-cv-495, Dkt. 253, at 7-8 (E.D. Tex. Aug. 10, 2012) (Love, M.J.)).  This case involves identical issues to those already decided in *Salazar I* (and one issue that remains under consideration before Chief Judge Gilstrap), which strongly weighs in favor of transfer to the Marshall Division as shown below.

### A.     Venue Is Proper In The Marshall Division.

Venue is proper in the Marshall Division to the same extent it is proper in the Texarkana Division.  The patent venue statute provides that an action for patent infringement "may be brought in the judicial district" where certain criteria are met, and it makes no distinction between divisions of such a judicial district.  28 U.S.C. § 1400.  Salazar has alleged that venue is proper in the Eastern District of Texas.  Dkt. 3, at ¶ 15.  Defendants do not contest that allegation

in this case. And so it is undisputed that the case could have originally been filed in the Marshall Division, like in *Salazar I*.

      B.     <u>The Public And Private Interest Factors Clearly Support Transfer To The Marshall Division.</u>

Weighing the private and public interest factors clearly demonstrates that this case should be transferred to the Marshall Division. Because the case has no geographic connection to the Eastern District of Texas (and it does not implicate foreign law), seven of the eight *Volkswagen I* factors are neutral. But Factor 4—promoting the easy, expeditious, and inexpensive resolution of this case—<u>strongly</u> favors transfer. And so on balance, the Marshall Division is clearly a more convenient forum for this case.

      1.     *Private Interest Factors 1-3 Are Neutral.*

*Volkswagen I* private interest factors 1-3 are neutral. Factor 1 is neutral because there is no discoverable evidence in the possession of any potential witness within the Eastern District of Texas. The accused instrumentalities are designed and manufactured in Taiwan. The importer of the HTC Smartphones (HTC America, Inc.) is located in Seattle, Washington. *Salazar I*, Dkt. 104, at 3-4. Salazar concedes that no Defendant has a headquarters inside the District. Dkt. 8, at ¶¶ 4-10. Defendants do not expect—nor is Salazar likely to identify—any sources of proof or witnesses located in the District. *See Salazar I*, Dkt. 41, at 3-7 (Opposition to Motion to Transfer failing to identify any source of proof in the Eastern District). Indeed the most relevant materials located in this District are likely at the federal courthouse in Marshall, where the Court's file in *Salazar I* remains.

Because no relevant witnesses reside within the unique subpoena power of either Division, Factor 2 is also neutral. Factor 3 is likewise neutral because there is no meaningful difference in convenience for any witness to travel to Marshall as opposed to Texarkana; both

6

are within 40 miles of an airport with regular commercial service (Shreveport Regional Airport and Texarkana Regional Airport, respectively) and both are about a three-hour drive from a major commercial airport hub (Love Field and DFW).

        2.      *The Marshall Division's Experience In Salazar I Weighs Strongly In Favor Of Transfer Under Factor 4.*

In contrast, Factor 4 weighs heavily in favor of transfer to Marshall. Factor 4 includes within it "a strong interest in having the same court decide related cases." *In re Vicor Corp.*, 493 F. App'x 59, 61 (Fed. Cir. 2012) (applying Fifth Circuit law) ("We have held that the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.") (internal citations omitted).

As discussed above, the Marshall Division has extraordinary experience with this plaintiff, the '467 Patent, the HTC Smartphones, and the related issues that Salazar asks the Court to resolve yet again in *Salazar II*. As the Court has previously found, cases involving the same plaintiff and the same asserted patent are certain to generate common legal and factual questions that counsel in favor of transferring a case so that a single court can resolve them. *See Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-400, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.) (transferring case to S.D.N.Y. where other cases asserting the same patent by the same plaintiff were pending). That logic applies with special force here, not only because the same patent is asserted by the same plaintiff, but because it is being asserted against <u>the same accused devices</u>. So it is foreseeable that <u>nearly all</u> of the legal and factual questions presented will be identical between *Salazar I* and *Salazar II*, including but not limited to claim construction, infringement, invalidity, the damages models, and the marking defense.

7

It is worth noting that this case is not fully co-pending with *Salazar I*: it is a serial effort at re-litigation filed nearly three years after the complaint in *Salazar I*. *Compare Salazar I,* Dkt. 1 (Oct. 5, 2016), *with Salazar II*, Dkt. 1 (June 18, 2019). The Marshall Division does not merely stand ready to decide relevant overlapping issues in *Salazar I*; it has already decided numerous of those issues in ruling on 11 memorandum opinions, a jury verdict, the final judgment, and several post-judgment motions. *See generally supra,* § II. And it currently has under consideration findings of fact and conclusions of law on the pending counterclaim for invalidity. *Salazar I*, Dkt. 299

Given the transferee court's extensive history in *Salazar I*, Defendants also respectfully submit that the Marshall Division is in a superior position to rule on the preclusive effects of the verdict and final judgment in *Salazar I*. Defendants have filed a motion to dismiss this case in view of *Salazar I*, and they are likely to file additional motions relating to the issue-preclusion effects of *Salazar I* for issues previously decided against Salazar. For example, Defendants will likely argue that Salazar is precluded from challenging certain damages and noninfringement theories. *See Salazar I*, Dkt. 213. And if the Court adopts HTC Corp.'s pending findings of facts and conclusions of law, Defendants will move for judgment that the '467 Patent is invalid. *See Salazar I,* Dkts. 299-301. As between the Marshall and Texarkana Divisions, the Marshall Division is better positioned to decide those motions, given that it decided *Salazar I*. For these reasons, judicial economy strongly weighs in favor of transfer to Marshall.

        3.       *The Public Interest Factors Are Neutral.*

Factor 5, the relative congestion of the courts, is neutral. Defendants are unaware of any publicly available sources of information regarding the relative congestion of two divisions

within the same judicial district, or between district court judges seated therein.[4] In any event, this factor is "the most speculative," and where "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (applying Fifth Circuit law).

Factor 6 is also neutral. There are no unique aspects of this case that interest the residents of either Division. To the extent Salazar argues that the sale of allegedly infringing phones in the Texarkana Division creates a local interest, the Fifth Circuit has made clear that reasons that "could apply virtually to any judicial district or division in the United States" are not relevant under Factor 6. *Volkswagen I*, 545 F.3d at 318. In any event, the nationwide sale of an accused product does not give rise to an interest in any specific venue. *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). In the absence of any geographical connection to the District, Salazar cannot show that there is any more local interest in Texarkana than in Marshall. Factor 7 is also neutral because the sole claim in this case arises under federal patent law, and so "both courts are capable of applying patent law to infringement claims." *In re TS Tech USA Corp.*, 551 F.3d 1314, 1320 (Fed. Cir. 2008) (applying Fifth Circuit Law). Factor 8 is likewise neutral; *Salazar I* did not involve any conflict of laws or application of foreign law issues, nor do Defendants anticipate any here.

---

[4] Federal Court Management Statistics are only published on a per-district basis and are not broken down by division. *See generally U.S. District Courts, Federal Court Management Statistics-Profiles* (June 30, 2019), *available at https://www.uscourts.gov/file/26523/download*. The Court's CM/ECF System further does not permit generating reports of all open cases – only those open cases filed within 31 day time intervals. The Federal Judicial Center also publishes an integrated database of district court case information on a quarterly basis. However, Defendants have discovered that the cases filed in the Eastern District of Texas are not coded by division of filing, and that data does not include district court judge's names. *See Report of the Proceedings of the Judicial Conference of the United States*, 21 (March 18, 2003) ("the Conference reaffirmed its current policy against the release of judge-specific data, except to the extent required by law.")

9

    *4.*  *Weighing The Private And Public Interest Factors, The Marshall Division Is Clearly A More Convenient Forum.*

  Weighing these factors together, Factor 4 favors the "easy, expeditious, and inexpensive" resolution of cases and thus strongly weighs in favor of transfer, while all other factors are neutral. Given the Marshall Division's long experience with Salazar, the '467 Patent, and the HTC Smartphones, Defendants respectfully submit that the Marshall Division is clearly a more convenient venue than the Texarkana Division. As the Federal Circuit has recognized, when "several highly technical factual issues are presented and the other relevant factors are in equipoise, the interests of judicial economy may favor transfer to a court that has become familiar with the issues." *In re Volkswagen of Am.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen II*") (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

  The Court in *Salazar I* has expressly found that Salazar's infringement claim "involved complex technical and patent law issues," which militates in favor of transfer. *Salazar I*, Dkt. 297, at 3. In short, "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Volkswagen II*, 566 F.3d at 1351. Given the similarity of the claim presented in both *Salazar I* and *Salazar II*, and the Marshall Division's extensive experience with that claim, Defendants respectfully submit that the Marshall Division is clearly a more convenient forum for this case, and they respectfully request that the case be transferred there.

**IV.**  **Conclusion**

  The Marshall Division currently has a pending case in which the <u>same plaintiff</u> is asserting the <u>same patent</u> (the '467 Patent) against the <u>same products</u> (the HTC Smartphones) –

*Salazar I*. Over the past two years, the Marshall Division has received evidence, issued rulings, and conducted a week-long trial finding that the HTC Smartphones do not infringe the '467 Patent. It makes does not make logical sense for two courts in this District to "plow the same ground." *See Princeton Digital*, 2012 WL 3647182, at *5. For these reasons, Defendants respectfully request that the Court grant this motion and transfer this case to the Marshall Division.

Dated:  October 1, 2019                                         Respectfully submitted,

                                                                           */s/ Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78701
Tel:  512.542.8400
Fax: 512.542.8610

Todd E. Landis
Texas Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker Hancock
Texas Bar No. 24108256
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Tel:  713.758.2222
Fax: 713.758.2346

                                                    Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

Counsel for Defendants have complied with the meet and confer requirements of Local Rule CV-7(h) regarding this motion. Counsel for Plaintiff have indicated that they will oppose this motion. The personal conference required by Local Rule CV-7(h) was conducted via telephone conference on October 1, 2019 between Parker Hancock, counsel for Defendants, and Goeff Culbertson, counsel for Plaintiff.

                                                     */s/ Fred I. Williams*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 1st day of October, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                     */s/ Fred I. Williams*