# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, <br> SPRINT/UNITED MANAGEMENT <br> COMPANY, T-MOBILE USA, INC., <br> AND CELLCO PARTNERSHIP D/B/A <br> VERIZON WIRELESS, <br><br> Defendants. | Civil Action No. 5:19-cv-75 <br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFF JOE ANDREW SALAZAR'S RESPONSE IN OPPOSITION TO AT&T MOBILITY, LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLO PARTNERSHIP D/B/A VERIZON WIRELESS' MOTION FOR <u>INTRA-DISTRICT TRANSFER</u>**

Plaintiff Joe Andrew Salazar submits this Opposition in response to AT&T Mobility, LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cello Partnership D/B/A Verizon Wireless, (collectively, "Defendants") Motion for Intra-District Transfer under 28 U.S.C. § 1404(a) ("Motion"). For the following reasons, Plaintiff respectfully requests that Defendants' Motion be denied.

## I. INTRODUCTION

As the Plaintiff, Mr. Salazar is entitled to choose where to bring his case; and he chose to bring it in the Texarkana Division in the Eastern District of Texas. Mr. Salazar's choice should be respected unless there is a clearly more convenient forum. Mr. Salazar is an 82-year-old man with limited resources, a retired career engineer for the U.S. Department of Defense, and an inventor of the invention disclosed and claimed in U.S. Patent number 5,802,467.[1] Mr. Salazar chose to file this case in the Texarkana Division in part because his former Texas counsel (with an office next to the Marshall Texas courthouse) in his prior case against HTC Corp. developed a legal conflict because one of their partners represented one of the Defendants in prior cases. After substantial diligence, Mr. Salazar retained Patton Tidwell & Culbertson, LLP, located in Texarkana, to represent him in connection with this action.[2]

Defendants fail to establish that the Marshall Division is "clearly more convenient" than the

---

[1] The '467 patent or "Salazar patent."
[2] Patton Tidwell & Culbertson, LLP's office is located at 2800 Texas Blvd. in Texarkana, Texas. The proximity of his office to the Court, as a practical matter, is convenient, lessens time and cost of travel, and makes preparation and attendance at trial easier and less expensive.

1

Texarkana Division under § 1404 (a). Transferring this case to Marshall will not make trial of the case easy, expeditious, and inexpensive, because the unresolved issues that remain in this case are triable issues for the jury to decide (*e.g.*, whether Defendants infringed the asserted claims of Salazar's patent through their use, offer for sale, or sale of the HTC One phones to its U.S. customers).[3] With respect to the relevant legal issues common to the HTC Corp. litigation[4] and the instant case, Defendants concede, "numerous issues that will also be contested in this case" were already "*reviewed and resolved*" in the HTC Corp. litigation including construction (Dkt. 108) of the claim terms of Salazar's patent, a motion to dismiss (Dkt. 156), four *Daubert* motions (Dkts. 213, 226, 247, 253), and two motions for summary judgment (Dkts. 249, 250). Motion at 3. Therefore, as the substantive legal issues (*e.g.*, the construction of the Salazar patent's claim terms and whether or not infringement is a question of fact for a jury to decide, among others) in this case have substantially already been resolved, and the ultimate question at issue will have to be addressed anew by a jury, transferring this case will not make the trial of this case more easy, expeditious, and inexpensive.

Furthermore, the process of selecting a jury pool for the trial of the instant case militates against transfer. Though the Texarkana Division has a substantially similar population as the Marshall Division, the volume of cases filed in the Texarkana Division this year to date is less than

---

[3] In denying HTC Corp.'s motion for summary judgment for non-infringement under 35 U.S.C. 271 (a), the Court in the HTC Corp. litigation has already decided that this is a question of fact for the jury to decide. Dkt. # 250 at 15-16.

[4] Citations to the docket in Section I. refer to *Salazar v. HTC Corporation*, 2:16-cv-01096-JRG (E.D.Tex.) (the "first case" or "HTC Corp. litigation").

half that of the Marshall Division which results in a larger potential pool of jurors per case. And because Texarkana jury pools are selected from a different set of counties than those that make up the Marshall Division, it is far less likely that potential Texarkana jurors will know information about the HTC Corp. trial or have connections with member of that jury, or venire panel.

Because transfer to Marshall will not make trial of the case easy, expeditious, and inexpensive, Plaintiff respectfully requests that the Court deny Defendants' Motion in full.

## II. STANDARD OF REVIEW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may transfer* any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006) (emphasis added). Under 1404(a), the movant must "demonstrate that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen II*"). Otherwise, a plaintiff's choice of forum should be respected. *Id*.

Courts analyze both public interest and private interest factors to determine if a § 1404(a) venue transfer is for the convenience of parties and witnesses, and in the interest of justice. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest

3

in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

## III. ARGUMENT

Plaintiff agrees with Defendants that seven of the eight factors relevant to Section 1404(a) do not favor transfer. Contrary to Defendants argument, however, private factor four, "all other practical problems that make trial of a case easy, expeditious and inexpensive," weighs in Salazar's favor.

### A. Trial of this case will be more easy, expeditious, and inexpensive in the Texarkana Division because questions of law common to both cases have already substantially been decided.

Trial of this case will be more easy, expeditious, and inexpensive in the Texarkana Division than in the Marshall Division. In their Motion, Defendants argue that because the Marshall Court has already decided numerous issues in the HTC Corp. litigation and rendered a jury verdict and the final judgment, the Marshall Division is in "a superior position" to decide this case and this case should be transferred to Marshall because the HTC Corp. litigation "involved complex technical and patent law issues." Motion at 8, 10. Defendants' position is unavailing because, as Defendants concede, the substantive legal issues, in particular the "complex technical and patent law issues" (including claim construction and whether there exists a factual dispute as to direct infringement of the asserted patent claims of Salazar's patent by the accused devices[5]), have

---

[5] The accused devices in both cases are the HTC One M7, HTC One M8, and HTC One M9. Dkt. # 250.

4

already been resolved by the Court in the HTC Corp. litigation, and this Court is equally situated to apply these decisions if and where necessary.

Moreover, Defendants' argument that the Marshall Division is better positioned to decide whether the claims of Salazar's patent are invalid is similarly unavailing. The validity issue[6] currently pending before the Marshall Division is a dispositive issue. Indeed, if Salazar's patent claims are invalidated in the HTC Corp. case (and the decision is affirmed on appeal), Plaintiff's case against Defendants would effectively end.[7] Similarly, if the Marshall Division sustains the validity of Salazar's patent claims, Defendants in this case would be foreclosed from asserting the same invalidity arguments.

Further, Defendants argue that the Marshall Division is in a "superior position to rule on the preclusive effects of the verdict and final judgment." This argument is without merit. As set out in Plaintiff's Opposition to Defendants' Joint Motion to Dismiss, the dispositive facts relevant to the claim preclusion issue do not relate to or encompass any complex or technical facts relating to the patent or otherwise, but are simply facts that are readily understandable from excerpts of the record cited, including Defendants' own admissions. It is commonplace for courts to decide the

---

[6] Defendants' characterization of the HTC Corp. case as simultaneously pending and "serial litigation" is without merit. The Marshall Division already entered final judgment of noninfringement in the HTC Corp. litigation (which involved a foreign defendant and a different nucleus of operative fact, as addressed in Plaintiff's Opposition to Defendants' Joint Motion to Dismiss [which will be filed concurrent with the instant memorandum or soon thereafter]). The only pending issue in the HTC Corp. litigation is whether, at trial, HTC Corp. proved by clear and convincing evidence that the asserted patent claims of the Salazar patent are invalid under 35 U.S.C. § 103.

[7] With respect to the invalidated claims.

issue of claim preclusion for issues adjudicated in prior actions they did not preside over. *See, e.g., Adaptix, Inc. v. AT&T Mobility* LLC, 2015 WL 12696204 (E.D. Tex. 2015); *Mike Loehr & Co., Inc. v. Wal-Mart Stores, Inc.*, 919 F. Supp. 244 (E.D. Tex. 1996); *MAZ Encryption Technologies, LLC v. Blackberry Ltd.*, 347 F. Supp. 3d 283 (N.D. Tex. 2018); *Hoenninger v. Leasing Enterprises, Ltd.*, 2015 WL 3466288 (W.D. Tex. 2015); *Ricks v. Eagle Asbestos & Packing Co., Inc.*, 1976 WL 13377 (E.D. La. 1976). Finally, the Texarkana and Marshall courts are equally positioned to decide issues not addressed or present in the HTC Corp. litigation, to the extent they exist.

**B. Practical problems relating to selecting a jury make trial of this case in Texarkana easier, expeditious, and inexpensive and weigh against transfer.**

It will be easier and less expensive to form a jury pool and select qualified jurors in the Texarkana Division because there are fewer cases tried and a larger population of potential jurors. Though the population of the Marshall Division and the Texarkana Division are substantially similar, the volume of cases filed in Texarkana this year to date is less than half that of Marshall which results in a larger potential pool of jurors per case.[8] Additionally, the counties where potential jurors will be selected from in this case are distinct from the counties that made up the HTC Corp. litigation jury pool. Therefore, it is less likely potential jurors in Texarkana would

---

[8] To date, 345 cases have been filed in the Marshall Division while only 136 cases have been filed in Texarkana. *See Civil Cases Report: U.S. District Court–Eastern District of Texas (Texarkana)*, CM/ECF PACER (Oct. 30, 2019) (**Ex. A**); *Civil Cases Report: U.S. District Court–Eastern District of Texas (Marshall)*, CM/ECF PACER (Oct. 30, 2019) (**Ex. B**).

know information about the HTC Corp. trial or have connections with members of the HTC Corp. litigation jury or venire panel.   Accordingly, this factor weighs against transfer because it will be easier and more efficient for the Texarkana Division to select a jury in this case.

Since the private interest factor (4) weighs against transfer and Defendants concede that no other factors support their argument, Defendants have failed to show that transfer to Marshall is "clearly more convenient."   Accordingly, Plaintiff's choice of venue "should be respected" and Defendants' Motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Intra-District Transfer be denied in its entirety.

Respectfully submitted,

/s/Geoff Culbertson
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone:   903-792-7080
Fax:       903-792-8233

7

        Dariush Keyhani (Lead Attorney)
        District of Columbia Bar No. 1031500
        (*pro hac vice*)
        Frances H. Stephenson
        New York registration No. 5206495
        (*pro hac vice*)
        Keyhani LLC
        1050 30th Street NW
        Washington, DC 20007
        Telephone: (202) 748-8950
        Fax: (202) 318-8958
        dkeyhani@keyhanillc.com
        fhstephenson@keyhanillc.com
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 30th day of October, 2019.

        /s/Geoff Culbertson
        Geoffrey Culbertson