**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY,<br>T-MOBILE USA, INC., and<br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS,<br><br>Defendants. | Civil Action No. 5:19-cv-75<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION FOR ENTRY OF (DISPUTED) PROTECTIVE ORDER**

The parties jointly move for entry of a protective order, attached as Exhibit A with the disputed language in redline. Each side's statement regarding the disputes is below. The parties jointly ask the Court to rule on these disputes and to enter an appropriate protective order.

**PLAINTIFF'S STATEMENT**

**Disputed Issue #1:   Paragraph 12(c) – Aggregate Limits on Source Code.**

Salazar proposes an aggregate limit of 400 pages of source code.  Salazar's experts indicated that 500 pages (Salazar's original position) would be preferable and 300 pages is the absolute minimum necessary to do their job given this subject matter.  Defendants had previously offered 200 pages, and Plaintiff presented a compromise of 300 pages.  Defendants have since (today) rejected Plaintiff's compromise and changed their previously agreed proposal to 100 pages per Defendant.  This proposal is unreasonable and impractical as the source code in this case is

likely not unique to each Defendant, but rather shared across the Defendants. Therefore, because the source code is likely not unique to each Defendant, Defendants' new proposal is in effect a reduction from their previously agreed 200 page proposal to, in essence, 100 pages total. Plaintiff asks that the Court adopt a page limit sufficient for his experts to do their job.

**Disputed Issue #2:     Paragraph 36 – Third Party Subpoena Provisions.**

Plaintiff proposes adding language to make clear that this provision will not be construed to require Plaintiff to violate the terms of another court's order. These additional restrictions and obligations added by Defendants (that prevent a Receiving Party from producing information subject to a subpoena while the Producing Party objects, etc.) could conflict with the terms of another court's order, including the deadline for producing such information. Plaintiff does not want to be in a position where the language or lack of clarity in this order would require Salazar to potentially violate another court's order enforcing a subpoena or other order.

## DEFENDANTS' STATEMENT

Defendants' proposals address the unique circumstances of this case, as informed by the proceedings in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 ("*Salazar I*"), the case currently pending before Chief Judge Gilstrap in which Salazar accused the same HTC Smartphones of infringing the same asserted patent. The first dispute relates to the handling of Defendants' source code – among their most highly confidential and valuable assets. The second dispute relates to the procedure for handling third party subpoenas. For the reasons discussed below, Defendants respectfully request that the Court enter a protective order that limits the production of source code to 100 pages per producing party absent a showing of good cause for more pages of source code, and enter Defendant's proposed carve-out in paragraph 36.

**Disputed Issue #1:    Aggregate Limits on Source Code (paragraph 12(c))**

Defendants propose that the receiving party be limited to receiving a maximum of 100 pages of source code from each producing party. Given the four defendants in this case, that amounts to a total of 400 pages across the four defendants. Salazar proposes a limit of 400 pages, without limiting the amount that can be obtained from any one party.

The 400-page limit, if requested from a single party, is excessive and unnecessary given the needs of the case. Salazar's accusations here relate to the same smartphones, and the same asserted patent, as litigated in *Salazar I*. In that case, no source code was used at trial. *See Salazar I,* Dkt. 269 (Salazar's Final Trial Exhibit List). That fact suggests that the need to produce source code in this case should be very limited. Defendants also note that in *Salazar I*, the Court entered a protective order limiting source code production to 150 pages over Salazar's objection. *Compare Salazar I*, Dkt. 30 (Salazar disputing the 150-page limit) *to Salazar I*, Dkt. 33 (the Court's protective order limiting production of source code to 150 pages). Given the non-use of any source code at trial, and the larger number of defendants here, Defendants submit that a lower limit of 100 pages per party is appropriate here.

Further, allowing up to 400 pages of source code from a single defendant, as Salazar seeks, would create a significant temptation to remove the actual review of source code from the controlled environment contemplated by the Protective Order (e.g. the use of a stand-alone computer in a secured room). That is, a receiving party could request the production of large amounts of source code and then review it at its own offices, which would defeat the purpose of the source code limitations and unnecessarily put portions of the source code at risk of loss or dissemination.

It is therefore appropriate for the Court to limit the production of source code to avoid this temptation, which would violate the express terms of the protective order if acted upon. Ex. A, at ¶ 12(c) ("The Receiving Party may not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance."). Defendants also note that Salazar cannot complain that the requested page limit hinders his ability to review Defendants' source code, as there is no volume limitation on the amount of source code that can be reviewed on the standalone laptop under the terms of the protective order. *See* Ex. A, at ¶ 12(a).

Defendants submit that given (1) the number of defendants here, (2) the source code limits imposed by the Court over Salazar's objections in *Salazar I*, (3) the complete non-use of source code in the *Salazar I* trial, and (4) the need to limit incentives to violate the protective order, all demonstrate that Defendants' proposed limitation of 100 pages per party is appropriate. For these reasons, Defendants respectfully request that the Court limit the production of source code to 100 pages per producing party.

**Disputed Issue # 2: Third-Party Subpoena Provisions (paragraph 36)**

While the parties have agreed to Paragraph 36, Defendants understand that Salazar may be concerned that compliance with those provisions may cause him to violate other court orders, including the protective order from *Salazar I*. Salazar has not provided a clear hypothetical demonstrating how following the procedure in paragraph 36 could create such a conflict. Nevertheless, to facilitate agreement, Defendants have proposed a carve-out to the requirements of Paragraph 36 as follows:

> Nothing in this paragraph 36 shall be construed to require a party
> to violate the Protective Order issued in *Salazar v. HTC Corp.*,
> 2:16-cv-1096 (E.D. Tex.), Dkt. 33

Defendants respectfully submit that this carve-out should be appropriate to alleviate whatever concerns Salazar may have.  Nevertheless, Salazar demands a broader carve-out, and has proposed language that would exempt compliance from paragraph 36 if it would cause a party "to violate another court's order."

Defendants dispute this point because nothing in paragraph 36 appears to create a risk that a party would violate a court's order, nor has Salazar described any circumstances that would require the carve-out. In the absence of a clear set of circumstances where this carve-out is necessary, Defendants respectfully request that the carve-out merely be limited to the protective order in *Salazar I*, and not to any court order. If circumstances arise where compliance with this Court's protective order, and the order of another court would conflict, Salazar is free to move the Court for relief to resolve the conflict.

For these reasons, Defendants respectfully request that the Court adopt their proposed language in Paragraph 36.

Dated:  November 19, 2019

Respectfully submitted,

*/s/ Frances H. Stephenson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelley Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Daruish Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495

        (*pro hac vice*)
        Keyhani LLC
        1050 30th Street NW
        Washington, DC 20007
        Telephone: (202) 748-8950
        Fax: (202) 318-8958
        dkeyhani@keyhanillc.com
        fhstephenson@keyhanillc.com

*Attorneys for Plaintiff*

*/s/ Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78701
Tel: 512.542.8400
Fax: 512.542.8610

Todd E. Landis
Texas Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.220.7716

Parker Hancock
Texas Bar No. 24108256
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel: 713.758.2222
Fax: 713.758.2346

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants*

-8-

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of November, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  */s/ Fred I. Williams*