# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JOE ANDREW SALAZAR** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.  5:19-CV-75** |
| | § | |
| **AT&T MOBILITY, LLC,** | § | |
| **SPRINT/UNITED MANAGEMENT** | § | |
| **COMPANY, T-MOBILE USA, INC.,** | § | |
| **AND CELLCO PARTNERSHIP D/B/A** | § | |
| **VERIZON WIRELESS** | § | |
| | § | |
| **Defendants.** | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Joe Andrew Salazar and Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to

such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL." All Protected Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2 shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

2.      Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents,

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED," ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as such may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      In the event of any disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of DESIGNATED MATERIAL or waive the right to hold the disclosed document or information as Protected.

6.      To the extent that any one of Defendants in this litigation provides DESIGNATED MATERIAL under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that material with the other Defendants in this litigation, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the DESIGNATED MATERIAL of any other Defendant.

7.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

  a.   outside counsel of record in this Action for the Parties;

  b.   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c.  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, except that Defendants' in-house counsel under this paragraph shall not have access to any Co-Defendants' CONFIDENTIAL information;

d.  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent, and except that Defendants' designated representatives under this paragraph shall not have access to any Co-Defendants' CONFIDENTIAL information;

e.  outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the DESIGNATED MATERIAL is to be given to that consultant.The producing Party must notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the

consultant or expert prior to the expiration of ten (10) days. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice of the proposed disclosure, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    f.    independent litigation support services, including legal translators retained to translate in connection with this action, persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

    g.    the Court and its personnel (under seal or with other suitable precautions determined by the Court).

    h.    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

8.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

9.      DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order. All DESIGNATED MATERIAL shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

10.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material as "RESTRICTED -- ATTORNEYS' EYES ONLY,"[2] or to the extent such Protected Material includes documents containing or documenting computer source code, hardware configuration/description code,  and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."  In determining whether information should be designated as RESTRICTED – ATTORNEY'S EYES ONLY, each Party agrees to use such designation only in good faith.

---

[2] Documents marked CONFIDENTIAL OUTSIDE COUNSEL ONLY, CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or similar designation shall be treated as if designated RESTRICTED – ATTORNEY'S EYES ONLY.

11.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access

to, and disclosure of, such Protected Material shall be limited to individuals listed in

paragraphs 8(a-b) and (e-g).

12.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the

following additional restrictions apply:

a.    Source Code, to the extent any Producing Party agrees to provide any such

information, shall ONLY be made available for inspection, not produced except as

provided for below, and shall be made available in electronic format at one of the

following locations chosen at the sole discretion of the Producing Party: (1) the offices

of the Producing Party's primary outside counsel of record in this action; (2) a single,

third-party site located within any judicial district in which the Source Code is stored

in the ordinary course of business (e.g., an escrow company); or (3) a location mutually

agreed upon by the Receiving and Producing Parties. Any location under (1), (2) or (3)

above shall be in the continental United States. Source Code will be loaded on a single,

standalone, non-networked personal computer that is password protected, maintained

in a secure, locked area, and disabled from having external storage devices attached to

it ("Source Code Computer"). However, the Producing Party will make available and

install at a Receiving Party's request reasonable software for exploration and discovery

of the Source Code on the Source Code Computer, and the Receiving Party agrees to

pay any license or usage fees associated with such software.  Use or possession of any

input/output device or other electronic device (e.g., USB memory stick, cameras or any

camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular

telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured,

locked area containing the Source Code Computer.  The Producing Party will also provide a nearby room for the expert and/or counsel to keep any computer equipment, cell phones, or other computers and other materials.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The Source Code Computer will be made available for inspection until the close of discovery in this action between the hours of 10 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal holidays), upon reasonable written notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection. Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect.  No Defendant shall be required to make Source Code available for inspection prior to the date set forth in the Court's scheduling order for producing documents.

b.  The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  Any notes relating to the Source Code will be treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE."  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source

Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

c.   No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code to be printed on watermarked or colored pre-bates numbered paper, which shall be provided by the Producing Party.  The Receiving Party may not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance.  In no event may the Receiving Party print any continuous block of Source Code that result in more than 5 printed pages, or an aggregate total of more than [Plaintiff's Proposal: 400 pages] [Defendants' Proposal: 100 pages per Producing Party] during the duration of the case without prior written approval by the Producing Party.  Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  At the inspecting Parties' request, up to two additional sets (or subsets) (a total of up to three sets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion, within five business days via a delivery service selected by the Producing Party.

d.   If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known

to the Receiving Party within five business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

e.   The Receiving Party shall not create any electronic or other images of any printed pages of Source Code or any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL – SOURCE CODE."  The Receiving Party shall only make additional paper copies of selected excerpts of Source Code if such additional copies are necessary for any filing with the Court, the service of any pleading or other paper on any Party, testifying expert reports, consulting expert written analyses, deposition exhibits as discussed below, or any draft of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only make additional copies of such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

f.   Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" or notes, analyses or descriptions of such paper copies of Source Code shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken  (iv) the Court; or (v) any intermediate

location necessary to transport the information to a hearing, trial or deposition. Any such paper copies or notes, analyses or descriptions of such paper copies of Source Code shall not be transported via mail service or any equivalent service and shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials and in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times, when it is not in use.

g.   A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log upon request.

h.   Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

i.   The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or

peripheral equipment.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

j.   No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code reviewing room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

k.  Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

    i.  Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

    ii.  Up to three (3) outside experts or consultants per Party, pre-approved in accordance with Paragraphs 8.e and specifically identified as eligible to access Source Code;

    iii.  The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code; for depositions, the Receiving Party shall not bring copies of any printed Source

Code.  Rather, at least five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

    iv.  While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

l.  The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party or created by the Receiving Party pursuant to paragraph 1(C)(f) above) that are delivered by the Receiving Party to any qualified person under Paragraph 1(C)(l) above.  The log shall include the names of the recipients and reviewers of copies, the dates when such copies were

provided, and the locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code.  Within thirty (30) days after the issuance of a final non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and serve upon the Producing Party all paper copies of the Producing Party's Source Code as well as documents, pleadings, reports, and notes reflecting or referring to such Source Code.  In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

m. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

n. All copies of any portion of the Source Code shall be returned to the Producing Party if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

o.  The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph 1 above (e.g., Source Code may not be disclosed to in-house counsel).  In no case shall any information designated as RESTRICTED CONFIDENTIAL – SOURCE CODE by a Defendant be provided to any other Defendant or Defendant's counsel by any Party or counsel absent explicit agreement from the Party designating the information.

p.  Any technical advisor retained on behalf of a Receiving Party who is to be given access to a Producing Party's produced Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such expert or consultant for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case.  This shall not preclude such experts or consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such expert or consultant.

q.  Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

13.  Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that

is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for three years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit.

14.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by

promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons

entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED -- ATTORNEY'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – ATTORNEY'S EYES ONLY".

18.  Even in the absence of a designation by a party of a deposition or hearing transcript, any DESIGNATED MATERIAL that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony incorporating or discussing DESIGNATED MATERIAL.   Where DESIGNATED MATERIAL is used in a deposition or hearing, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

19.    Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access DESIGNATED MATERIAL based on the designation of such DESIGNATED MATERIAL.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such DESIGNATED MATERIAL.

20.    No Party may remove, or cause to be removed, DESIGNATED MATERIAL produced by another Party from the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to DESIGNATED MATERIAL (including copies) in physical and electronic form.   The viewing of DESIGNATED MATERIAL through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, DESIGNATED MATERIAL, exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

21.    No Defendant is required to produce its Protected Material to any other Defendant or Defendants, or to any other Defendant's or Defendants' counsel, but nothing in this Order shall preclude such production.  To the extent that any one of Defendants in this Action provides DESIGNATED MATERIAL under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that DESIGNATED MATERIAL with the other Defendants in this

Action, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the DESIGNATED MATERIAL of any other Defendant.

22.     Nothing in this Order shall restrict in any way the use or disclosure of DESIGNATED MATERIAL by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality (e.g., being subject to a Protective Order) and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

23.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

24.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any DESIGNATED MATERIAL during trial.  In addition, the Parties

will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any DESIGNATED MATERIAL.

25.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

26.    DESIGNATED MATERIAL shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL  -- ATTORNEY'S EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed DESIGNATED MATERIAL under the terms of this Order.   Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used

in connection with this action, provided that access to that DESIGNATED MATERIAL, in whatever form stored or reproduced, shall be limited to qualified recipients.

27.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

28.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

29.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any DESIGNATED MATERIAL

received from or produced to the dismissed Party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers), written discovery requests and responses, deposition transcripts, trial transcripts, any exhibits or attachments to the foregoing, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL – ATTORNEY'S EYES ONLY information for archival purposes only.  Any such archived copies that contain or constitute DESIGNATED MATERIAL remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials.  All Parties that have received any such DESIGNATED MATERIAL shall certify in writing that all such materials have been returned to the respective outside counsel of the producing Party or destroyed.

30. Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as

RESTRICTED CONFIDENTIAL – SOURCE CODE, the provisions of Paragraph 14 are controlling to the extent those provisions differ from this paragraph.

31.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

32.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

33.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

34.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally

produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert.  Any Party that inadvertently produces or makes available for inspection materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s).  The Producing Party shall provide a privilege log for any relevant inadvertently produced materials as soon as reasonably possible after requesting their return.  The recipient(s) shall gather and return all copies of the privileged material to the Producing Party no later than seven (7) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.  The recipient shall also destroy and certify such destruction within seven (7) business days after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

35.    If the Receiving Party contests the privilege or work product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for the disagreement.  The Receiving Party shall seek an Order from the Court compelling the production of the material.  If no such Order is sought within thirty (30) days, then all

copies of the disputed document shall be returned in accordance with paragraph 6.  Absent a Court Order to the contrary, the Parties hereby agree and stipulate that any privilege or immunity that was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.

36.   If any entity subpoenas or orders production of Protected Material from a Receiving Party that the Receiving Party has obtained subject to this Order, such Party shall (1) promptly notify the entity that issued the subpoena or order that some or all of the material covered by the subpoena or order is subject to this protective order, and provide a copy of this order, (2) promptly notify the Producing Party of the pendency of the subpoena or order, provide a copy of the subpoena to the Producing Party, and (3) provide the Producing Party with a list of the DESIGNATED MATERIAL that the Receiving Party believes it is obligated to produce. The Receiving party shall not produce the information until the producing party shall have reasonable time (which shall not be less than ten (10) calendar days) to object to or take other appropriate steps to protect the information. The Receiving Party shall not take a position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party opposing the request for production of such documents or materials.  In responding to the subpoena or order, the Receiving Party will take all reasonable measures to have such documents treated in accordance with the terms of this Protective Order.  [Plaintiff's Proposal: Nothing in this paragraph 36 shall be construed to require a party to violate another court's order.] [Defendants' Proposal: Nothing in this paragraph 36 shall be construed to require a party to violate the Protective Order issued in *Salazar v. HTC Corp.*, 2:16-cv-1096 (E.D. Tex.), Dkt. 33.]

37.   Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel.  All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

38.   No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

39.   Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Information to any person.  Such disclosures shall not affect any CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL - SOURCE CODE designation made pursuant to the terms of this Order so long as disclosure is not publicly disclosed, but is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

40.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

41.   The  United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

42.   Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

43.   This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns,

subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

44.     All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendants and Plaintiff listed in the signature block below for each Party.

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Salazar v. AT&T Mobility, LLC et al.*, No. 5:19-cv-75 (E.D. Tex. June 18, 2019).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
Signature