Case 5:19-cv-00075-RWS   Document 55   Filed 11/20/19   Page 1 of 13 PageID #: 592

Case 5:19-cv-00075-RWS   Document 55   Filed 11/20/19   Page 1 of 13 PageID #: 592

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT COMPANY,<br>T-MOBILE USA, INC., and<br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    Defendants<br><br>and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>    Intervenors. | Civil Action No. 5:19-cv-75-RWS<br><br>**JURY TRIAL DEMANDED** |

**<u>MOTION TO INTERVENE BY HTC CORP. AND HTC AMERICA, INC.</u>**

HTC Corporation ("HTC Corp.") and HTC America, Inc. ("HTC America") (collectively, the "HTC Companies") hereby move to intervene in this case as of right or permissively on behalf of their customers, Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, the "HTC Customers"). Plaintiff Joe Andrew Salazar ("Mr. Salazar") has, for a second time, accused three smartphones designed and manufactured by HTC Corp. (and imported and sold in the United States by HTC America) of infringing U.S. Patent No. 5,802,467 (the "'467 Patent"). The HTC Companies thus seek to intervene to protect their interests and the interests of their customers.

The HTC Companies move to intervene for two reasons. First, the HTC Companies move to intervene to vindicate the accused HTC products from Mr. Salazar's serial and unfounded accusations of infringement. Here, Mr. Salazar again accuses the HTC One M7, One M8, and One M9 smartphones (collectively, the "HTC Smartphones") of infringing the '467 Patent. Dkt. 3, at ¶ 12. Mr. Salazar previously sued HTC Corp. for infringement of the <u>same patent</u> by the <u>same HTC Smartphones</u> in Civil Action No. 2:16-cv-1096-JRG ("*Salazar I*"), which resulted in a jury verdict and final judgment in HTC Corp.'s favor. *Salazar I*, Dkt. 264, 284. The HTC Companies thus intervene to defend the jury verdict and judgment from *Salazar I*.

Second, the HTC Companies seek to intervene to fully participate in a lawsuit for which they will bear financial responsibility. The HTC Companies intend to fulfill their indemnity obligations to each of the HTC Customers. In *Salazar I*, Mr. Salazar alleged that a reasonable royalty for HTC Corp.'s alleged infringement would exceed $30 million. *Salazar I*, Trial Tr. 91:14-17 (Afternoon Session, May 8, 2019). In anticipation of a similar demand here, the HTC Companies desire to defend against the claims brought by Mr. Salazar.

The presence of the HTC Companies as parties will also benefit the Court and the existing parties by simplifying the litigation. The HTC Companies will be able to participate in discovery firsthand and ensure that the parties and the Court have accurate information regarding the accused products. The HTC Companies' unique knowledge of the technical design and functionality of the accused products underscores this benefit. Moreover, the HTC Companies will be a party to the protective order issued in this case, which will facilitate their full participation in discovery without fear of compromising any proprietary information.

Granting this motion will not prejudice the rights of any party because the case remains in its earliest stages. No answer has yet been filed, nor has discovery opened. In contrast, denying the motion would substantially prejudice the interests of the HTC Companies. If the HTC Companies are denied the opportunity to defend their products in this second lawsuit, the HTC Smartphones could theoretically be found to infringe the '467 Patent, leading to an inconsistent judgment between *Salazar I* and *Salazar II*. The HTC Companies therefore seek the Court's permission to intervene as of right in this case under Fed. R. Civ. P. 24(a)(2). Alternatively, the HTC Companies respectfully submit that the Court should permit them to intervene permissively under Fed. R. Civ. P. 24(b)(1)(B). A copy of the proposed Complaint in Intervention is attached as Ex. A. *See* Fed. R. Civ. P. 24(c).

**I.     Issues Presented**

The issues presented for decision are whether HTC Corp. and HTC America should be permitted to intervene in this lawsuit either

(1) as a matter of right under Fed. R. Civ. P. 24(a)(2), or

(2) permissively under Fed. R. Civ. P. 24(b)(1)(B).

## II. Factual Background

Each of the HTC Smartphones was designed and manufactured in Taiwan by HTC Corp. and imported into the United States by HTC America. *See Salazar I*, PX018a, PX018b, PX019, and PX020 (all admitted May 9, 2018).[1]

Mr. Salazar first asserted infringement by the HTC Smartphones of the '467 Patent in 2016. *See Salazar I*, Dkt. 1. In *Salazar I*, he initially sued only the manufacturer of the accused products—HTC Corp.—making a conscious decision not to sue HTC America, the U.S. subsidiary that imported and sold the phones in the U.S., or the HTC Customers, who were known resellers of the HTC Smartphones. *Salazar I* concluded with a jury verdict finding that the HTC Smartphones did not infringe the '467 Patent. *Salazar I*, Dkt. 272, at 2. The Court entered its final judgment consistent with the verdict on May 18, 2019. *Salazar I,* Dkt. 284.[2] After *Salazar I*, Mr. Salazar's lead counsel hired new local counsel and filed this case ("*Salazar II*") in the Texarkana Division on June 18, 2019. *Salazar II*, Dkt. 3.

In *Salazar II*, Mr. Salazar again asserts the same patent litigated in *Salazar I*, accusing the same HTC Smartphones that were accused in *Salazar I*. *Compare Salazar I*, Dkt. 44, at ¶¶ 15-24 *with Salazar II*, Dkt. 3, at ¶¶ 18-29. Rather than file this lawsuit against HTC Corp., Salazar has merely substituted the HTC Customers—wireless carriers who resold the HTC Smartphones—and changed venue to Texarkana. *Salazar II*'s infringement allegations in paragraphs 18-23 of the first amended complaint are substantially identical to the allegations in the second amended complaint

---

[1] The HTC Companies request that the Court take judicial notice of its own file in *Salazar I—Salazar v. HTC Corp.*, No. 2-16-cv-1096 (E.D. Tex.). *See* Fed. R. Evid. 201.

[2] Still pending before Chief Judge Gilstrap are the Proposed Findings of Fact by HTC Corporation (*Salazar I*, Dkt. 300) and Proposed Findings of Fact by Joe Andrew Salazar (*Salazar I,* Dkt. 301) relating to HTC Corp.'s invalidity counterclaim in *Salazar I*, which were fully briefed and submitted to the Court on March 18, 2019.

in *Salazar I*, differing only in the identification of representative claims that Salazar asserts are infringed.

After the filing of *Salazar II*, the HTC Companies intend to fulfill their obligation to indemnify each of the HTC Customers. Upon review of the complaint, the HTC Companies bring this motion to intervene.

### III. The HTC Companies Are Entitled To Intervene As A Matter Of Right Under Fed. R. Civ. P. 24(a)(2).

HTC Corp. and HTC America, as manufacturer and importer, respectively, of the HTC Smartphones are the true defendants here, and thus they should be permitted to intervene as of right. HTC Corp. designed and manufactured the HTC Smartphones, and HTC America imported and sold the phones into the United States. As a result, the HTC Companies should be permitted to intervene to protect their customers, vindicate their products, and defend against a potential judgment for which they could be liable.

To intervene as a matter of right, a prospective intervenor must (1) timely file a motion for intervention; (2) have an interest in the property or transaction that is the subject matter of the action; (3) show that, without intervention, the disposition of the action may impair or impede their ability to protect that interest; and (4) show that the existing parties are inadequate to protect that interest. *See* Fed. R. Civ. P. 24(a)(2); *see also Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 422 (5th Cir. 2002).

These conditions should be "construed broadly, in favor of the applicants for intervention." *Thurmond v. Compaq Computer Corp.*, No. 1:99-cv-711, 2000 U.S. Dist. LEXIS 20893, at *4 (E.D. Tex. June 26, 2000) (*citing Edwards v. City of Houston*, 78 F.3d 983, 1004-05 (5th Cir. 1996) (*en banc*)); *see John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) ("Federal courts should allow intervention where no one would be hurt and the greater justice could be

attained"). The inquiry under subsection (a)(2) "is a flexible one, which focuses on the particular facts and circumstances surrounding each application . . . [and] intervention of right must be measured by a practical rather than a technical yardstick." *Edwards*, 78 F.3d at 999.  The HTC Companies satisfy each requirement and thus qualify for intervention as a matter of right.

      A.      <u>The HTC Companies' Motion To Intervene Is Timely.</u>

The HTC Companies have moved to intervene before any of the HTC Customers have filed an answer, within weeks of the motion to dismiss filed by the HTC Customers, before any scheduling conference or other hearing, and before any discovery has occurred.  As such, the motion is timely.

In the Fifth Circuit, four factors are used to consider the timeliness of a motion to intervene: (1) the length of time during which the prospective intervenor knew or reasonably should have known of its interest in the case;  (2) prejudice that the existing parties to the litigation caused by the prospective intervenor's delay;  (3) prejudice that the prospective intervenor may suffer if intervention is denied;  and (4) whether unusual circumstances militate for or against a determination that the application is timely.  *Heaton*, 297 F.3d at 422-23.  The Court has recently found that an intervention by a manufacturer before discovery has opened is timely. *Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 2:18-cv-514-JRG, 2019 WL 1773117, at *2 (E.D. Tex. Apr. 23, 2019) (Gilstrap, C.J.).

Here, factors 1-2 are clearly satisfied.  The HTC Companies present this motion within weeks of the Defendants filing their motion to dismiss. Dkt. 27 (filed Oct. 1, 2019).  Discovery has not yet opened, and the case remains in its earliest stages.  The existing parties cannot claim that any prejudice would result from intervention here.  *See Uniloc*, 2019 WL 1773117 at *2.  To the contrary, the presence of the HTC Companies at this early stage of the case will enable the HTC Companies to participate fully in discovery, thus simplifying this case.

Factor 3 also weighs heavily in favor of intervention. The HTC Companies will suffer substantial prejudice if they are not allowed to intervene. HTC Corp. has already expended considerable resources defending and defeating Mr. Salazar's claim in *Salazar I*, including obtaining rulings on numerous issues and securing a jury verdict and final judgment in HTC Corp.'s favor. If this motion were denied, the HTC Companies would be unable to participate fully in litigating the preclusive effects of the rulings and final judgment in *Salazar I*. In such circumstances, the HTC Companies would be left in the difficult posture of attempting to participate in claim construction, fact development, and trial of this matter as third parties, if the Court does not dismiss the case.

On Factor 4, while this case is unusual in that it seeks to relitigate nearly every issue from *Salazar I*, there are no unusual circumstances concerning timing that would militate for or against a timeliness determination. Thus, all four of the timeliness factors weigh in favor of a finding that this motion is timely. The HTC Companies therefore submit that this motion is timely.

> B. The HTC Companies Have A Significant Interest In The Property And Transactions That Are The Subject Of This Litigation.

A party is entitled to intervene when it has a legal interest that is "direct, substantial, [and] legally protectable." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

Here, the HTC Companies have two distinct interests to protect. First, HTC Corp. (as the manufacturer) and HTC America (as the importer and seller in the U.S.) have an interest in litigating infringement allegations against their products to defend their reputation, vindicate the accused products, and preserve their relationships with customers. Second, as a potential indemnitor of the HTC Customers, the HTC Companies have a strong interest in this case to defend the jury verdict and final judgment in *Salazar I* and minimize any potential liability.

### 1. The HTC Companies Have A Strong Interest In Determining Whether The HTC Smartphones Infringe The '467 Patent.

None of the HTC Customers were responsible for the design, relevant testing, or manufacture of any of the HTC Smartphones; they merely resell the smartphones supplied by the HTC Companies. While the HTC Smartphones are no longer sold, the HTC Companies continue to have relationships with the HTC Customers that may contribute to future HTC products. *See, e.g., Salazar I*, Trial Tr., 158:19-162:1 (Afternoon Session, May 8, 2018) (discussing the HTC Companies' quarterly feedback meetings with the HTC Customers). Those relationships and the HTC Companies' reputation will be harmed by an adverse judgment here. In such situations, courts routinely allow intervention by the manufacturer. *See, e.g., Uniloc*, 2019 WL 1773117 at *3 (permitting intervention where "[patent owner's] infringement allegations put [intervenor]'s customer base and reputation at risk"); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-cv-235-JRG, 2017 WL 6059303, at *4 (E.D. Tex. Dec. 7, 2017) (Gilstrap, J.); *U.S. Ethernet Innov., LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 11488729, at *2 (E.D. Tex. May 10, 2010) (Love, M.J.). Therefore, the HTC Companies have a direct, substantial, and legally protectable interest in this case to defend their relationships with current and prospective customers.

### 2. The HTC Companies Have A Direct, Substantial, And Legally Protectable Interest In Ensuring That Any Indemnification Of Their Customers Is Well-Founded.

The HTC Companies stand behind their products. For this reason, they have committed to honoring their indemnity obligations with the HTC Customers, and will potentially be liable for any recovery obtained by Mr. Salazar. This interest provides a separate and ample ground for the intervention. *See, e.g.*, *Uniloc*, 2019 WL 1773117 at *3 (risk posed by indemnity agreements shows that an intervenor has a legal interest in a case); *Kadlec Med. Ctr. v. Lakeview Anesthesia*

7

*Assoc.*, No. 4-997, 2004 WL 2035005, at *2 (E.D. La. Sept. 10, 2004) (same); *U.S. Ethernet*, 2010 WL 11488729, at *2 ("the indemnification agreements between Intel and six of its customers" show a legal interest in the case).

      C.    <u>The HTC Companies' Ability to Protect Their Interests Will Be Impaired If They Cannot Intervene.</u>

"[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977). The HTC Companies have already expended considerable resources defending against Mr. Salazar's claims, and as such, should be permitted to defend their customers. If the HTC Companies were not allowed to intervene, the final resolution of this matter could result in a judgment that is inconsistent with the jury verdict and judgment in *Salazar I*, potentially leading to yet more litigation on an issue that has already been tried and resolved. *See Uniloc*, 2019 WL 1773117 at *3 (finding that an intervenor's interest will be impaired by the "possibility of future, inconsistent judgments"). Thus, as a matter of preserving the resources of both the Court and the parties, the HTC Companies are best suited to defend their products against Mr. Salazar's allegations.

      D.    <u>The HTC Customers Cannot Adequately Represent the HTC Companies' Interest in Defending Against Mr. Salazar's Infringement Allegations.</u>

A prospective intervenor must show that the existing parties do not adequately represent its interests. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994). The burden of making such a showing is minimal. *See id.* ("The applicant need only show that representation 'may be' inadequate.") (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015). Here, each of the HTC Customers is a wireless carrier who sells smartphones from many manufacturers. Each HTC Customer thus has differing

revenue streams from within the relevant damages window.[3] In contrast, the accused HTC Smartphones represent a significant fraction of the HTC Companies' smartphone sales during that time. Thus, no entity has a greater incentive to prove that the HTC Smartphones do not infringe the '467 Patent than the HTC Companies. *See Bush v. Viterna*, 740 F.2d 350, 357 (5th Cir. 1984) (finding intervention as of right allowed when intervenors may potentially make a "more vigorous presentation" of their interests than existing parties).

## IV. The HTC Companies Should Be Permitted To Intervene Permissively.

Should the Court decide that the HTC Companies are not entitled to intervene as of right, the HTC Companies alternatively move for leave to intervene permissively under Rule 24(b)(2). This rule is to be construed liberally, and permits intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(1)(B); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977); *see also Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 651 (N.D. Cal. 2004); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 1989 WL 237732, at *4 (E.D. Tex. Feb. 14, 1989) ("Rule 24(b) 'plainly dispenses with any requirement that the intervenor [shall] have a direct, personal or pecuniary interest in the subject of the litigation.'") (quoting Wright et al., Federal Practice and Procedure: Civil 2d § 1911 (1986)) (alteration in original). In the Fifth Circuit, permissive intervention is a two-stage process. "First, the district court must decide whether 'the applicant's claim or defense, and the main action have a question of law or fact in common.' If this threshold requirement is met, the district court must exercise its discretion in deciding whether intervention should be allowed." *Stallworth*, 558 F.2d at 269 (quoting Fed. R. Civ. P. 24(b)(2)).

---

[3] The '467 Patent expired on September 28, 2015, and damages are limited to six years before the filing of the complaint. 35 U.S.C. § 286. Thus, Salazar can only recover for damages from June 18, 2013 to September 28, 2015.

9

Here, there are numerous questions of law and fact common to both the current action and those involved in the HTC Companies' counterclaims. The common legal and factual issues include: (1) discovery related to the HTC Smartphones, (2) construction of disputed terms in the '467 Patent,( 3) whether any of the claims asserted in the '467 Patent are invalid, and (4) whether the HTC Smartphones infringe any claim of the '467 Patent. *See Uniloc*, 2019 WL 1773117 at *5-6 (providing similar examples of common questions of law and fact). Based on these commonalities, in view of the HTC Companies' substantial interest in this matter (*supra*, § III.B), and the lack of any prejudice to any of the existing parties (*supra*, § III.A), even if the Court were to determine that the HTC Companies are not entitled to intervene as of right, the Court should exercise its discretion to allow the HTC Companies to intervene permissively under Fed. R. Civ. P. 24(b)(1)(B).

## V.  CONCLUSION

For the foregoing reasons, the Court should grant the HTC Companies leave to intervene as a matter of right or leave to intervene permissively.

Dated: November 20, 2019

Respectfully submitted,

*/s/ Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78701
Tel: 512.542.8400
Fax: 512.542.8610

Todd E. Landis
Texas Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker Hancock
Texas Bar No. 24108256
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Tel:  713.758.2222
Fax: 713.758.2346

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel:  903.934.8450
Fax: 903.934.9257

*Attorneys for HTC Companies*

**CERTIFICATE OF CONFERENCE**

Counsel for the HTC Companies have complied with the meet and confer requirements of Local Rule CV-7(h) regarding this motion. Counsel for Plaintiff has refused to provide a position, and therefore this motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted via telephone conference on November 19, 2019 between Parker Hancock, counsel for the HTC Companies, and Darius Keyhani, counsel for Plaintiff.

*/s/ Fred I. Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of November, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*