**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | § |
| Plaintiff, | § § § **CIVIL ACTION NO. 5:19-CV-00075-RWS** |
| v. | § |
| AT&T MOBILITY LLC, SPRINT UNITED MANAGEMENT COMPANY, T-MOBILE USA INC, CELLCO PARTNERSHIP, INC. D/B/A VERIZON WIRELESS, INC., | § § § § |
| Defendants, | § |
| and | § |
| HTC CORP., HTC AMERICA, INC, | § § |
| Intervenor-Defendants. | § |

## ORDER

Before the Court is Defendants' Motion for Intra-District Transfer to the Marshall Division of this District (Docket No. 28).[1] For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.  Background**

This case is Plaintiff Joe Andrew Salazar's second lawsuit concerning U.S. Patent No. 5,802,467. (the "'467 patent"). In the prior case, Salazar sued HTC in the Marshall Division. *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) (hereinafter "*Salazar I*"). There, Salazar alleged that three HTC smartphones—the One M7, One M8 and One M9—infringed the '467

---

[1] Defendants filed their motion before Intervenor-Defendants intervened in the case. Intervenor-Defendants did not file a separate motion to transfer but join in Defendants' request.

patent.  Chief Judge Gilstrap and Magistrate Judge Payne presided over the case.  A week-long jury trial found that HTC did not infringe the '467 patent.

Here, Salazar sued the Defendants in the Texarkana Division, alleging that the Defendants infringe the '467 patent by selling the same three models of HTC smartphones.  Docket No. 1 ¶¶ 18, 24.  HTC was permitted to intervene in this case.  Docket No. 67.

The Defendants' now contend that this case should be transferred to the Marshall Division for the convenience of the parties.  The Defendants argue that, for the purposes of the venue analysis, there is no difference between the two divisions other than the Marshall Division's extensive experience with the '467 patent, these parties and the accused products.

Salazar argues that transfer to the Marshall Division will not make trial more convenient, and he should be afforded his choice of venue.  Salazar first argues that significant questions of law have already been resolved in *Salazar I*, and this Court can apply those rulings as easily as the Marshall Division.  Second, Salazar contends that difficulties with jury selection make trial in Texarkana significantly easier than Marshall

## II.  Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. §1404(a).  Courts have "broad discretion in deciding whether to order a transfer" under § 1404(a).  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) [hereinafter *Volkswagen II*] (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312.  Because venue is proper throughout the Eastern District of Texas, venue is undisputedly proper in the Marshall Division.

Thus, the Court turns to the second part of § 1404(a): whether transfer serves "the convenience of parties and witnesses" and "the interest of justice." The Fifth Circuit uses an eight-factor test to determine if a district court is within its discretion to transfer a case under § 1404(a):

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Volkswagen II*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)) (citations omitted).

The parties do not dispute that private interest factors 1–3 and all public interest factors are neutral. Docket No. 35 at 5. Thus, the analysis turns on whether the Marshall Division's experience with the case justifies transfer and any other practical problems that make trial more convenient in one division or the other.

The Federal Circuit has emphasized that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Google, Inc.*, 412 F. App'x 295 (Fed. Cir. 2011) (citing *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960)). "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). To "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* (quoting *Cont'l Grain*, 364 U.S. at 26).

Under the facts here and because the Defendants seek to transfer the case within the Eastern District of Texas, "[a]n honest and reasoned consideration of § 1404(a) justifies and supports transfer of this case to the same [division], to be tried by the same District Judge, where . . ." the same patent and technology was previously litigated. *See Princeton Digital Image Corp. v. Facebook, Inc.*, 2:11-CV-400-JRG, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (analyzing transfer of concurrently pending cases).

Salazar's argument that potential difficulties selecting jurors weighs against transfer is unpersuasive. That a small portion of Marshall's population served on the jury in *Salazar I* does not taint the entire jury pool, and the odds that a former juror is selected for the panel a second time are not high enough to weigh on this analysis. Salazar also did not provide any support for his position that Marshall's heavier case load but smaller jury pool compared to the Texarkana Division is a practical problem that makes trial more convenient here.

However, this result does not mean that every case where another court has prior experience with the patents, parties or technology will necessarily be more convenient. Every motion to transfer must be weighed on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.' " (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Here and in these unique circumstances, a transfer is warranted.

### III. Conclusion

Due to the unique posture of this lawsuit, the Marshall Division is a clearly more convenient venue. Accordingly, the Defendants' motion is to transfer (Docket No. 28) is **GRANTED**. It is therefore

**ORDERED** that this matter is **TRANSFERRED** to the Marshall Division of this Court.

**So ORDERED and SIGNED this 7th day of January, 2020.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE